**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

VIRIDIANA NAVARRO individually and on behalf of all others similarly situated,

Plaintiff,

v.

TARGET CORPORATION; and DOES 1-20, as yet unknown Washington entities,

Defendants.

No. 2:25-cv-01773-RAJ

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Viridiana Navarro ("Plaintiff"), individually and on behalf of all others similarly situated ("Class"), brings this action against Defendant Target Corporation ("Defendant") and alleges, upon personal knowledge as to Plaintiff's own actions and Plaintiff's counsel's investigation, and upon information and belief as to all other matters, as follows:

## I. NATURE OF THE CASE

1. This is a class action lawsuit to remedy Defendant's business practice of illegally restricting, restraining, and prohibiting low-wage workers from engaging in lawful professions, trades, and businesses and from accepting or transacting business with customers in violation of Washington's noncompetition law. *See* ch. 49.62 RCW.

2. The Washington Legislature ("Legislature") enacted chapter 49.62 RCW, effective January 1, 2020, to facilitate workforce mobility and protect workers by prohibiting



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

restrictive covenants that limit competition or hiring. *See* RCW 49.62.005.

3. In so doing, the Legislature found that "[w]orkforce mobility is important to economic growth and development" and that "[a]greements limiting competition or hiring may be contracts of adhesion that may be unreasonable." RCW 49.62.005(1)-(2).

4. The Legislature defined a "noncompetition covenant" to include "every written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind." RCW 49.62.010(4).

5. Effective January 1, 2020, "an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed." RCW 49.62.070(1).

6. In prohibiting employers from restricting low-wage workers' ability to hold supplemental employment, the Legislature—as confirmed by the Washington Supreme Court—recognized that "many low wage workers must work multiple jobs" to earn a livable wage and "to provide for themselves and their families." *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 244, 253 (2025). Recognizing this economic reality, the Legislature specifically intended to "broadly protect" these economically vulnerable workers "by allowing them to secure supplemental employment within their industry." *Id.* at 249 n.3 (citing ENGROSSED SUBSTITUTE H.B. 1450, 66th Leg., Reg. Sess. (Wash. 2019)).

7. If an employer seeks greater control over their employees by restricting the worker's freedom to hold an additional job, "they have a simple solution—pay the worker more than twice the applicable state minimum hourly wage." *Id.* at 260 (Lewis, J., concurring).

8. To better protect Washington workers from unreasonable and illegal restrictive covenants, the Legislature mandated that chapter 49.62 RCW "be construed liberally for the accomplishment of its purposes." RCW 49.62.110.

9. In 2024, the Legislature further clarified the liberal construction mandate of



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

chapter 49.62 RCW in response to courts "misinterpret[ing]" the statutory provisions and "fail[ing] to embrace that the statute should be liberally construed." S.B. REP. ON ENROLLED SUBSTITUTE S.B. 5935, 68th Leg., Reg. Sess. (Wash. Feb. 6, 2024) ("ESSB 5935 Bill Report"). The Legislature emphasized the importance of this liberal mandate by repeating its express requirement that courts "liberally constru[e]" the "provisions in [chapter 49.62 RCW] facilitating workforce mobility and protecting employees and independent contractors" and "narrowly constru[e]" its exceptions. RCW 49.62.005(3); SSB 5935, 68th Leg., Reg. Sess. (Wash. 2024) (effective June 6, 2024); *see also David*, 4 Wn.3d at 245, 247, 248-50 (applying liberal construction to RCW 49.62.070).

10. In the 2024 amendments, the Legislature also clarified that the prohibition on noncompetition covenants includes "agreement[s] that directly or indirectly prohibit[] the acceptance or transaction of business with a customer." RCW 49.62.010(4). The Legislature intended to clarify that an employer cannot prevent a former employee from accepting business from customers. ESSB 5935 Bill Report at 4. This amendment was, again, in direct response to "courts . . . misconstru[ing] nonacceptance of business clauses as nonsolicitation covenants." *Id.*

11. Supporters of the 2024 amendments, which clarified worker protections, highlighted the harm of noncompete clauses generally, noting that these restrictions "interfere with a person's ability to seek or accept a new job," "suppress wages[,] and allow[] large companies to control workers." ESSB 5935 Bill Report at 4.

12. In violation of chapter 49.62 RCW generally, and RCW 49.62.070 specifically, Defendant unlawfully restricted, restrained, or prohibited Plaintiff and over 40 Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed, while paying them less than twice the applicable state minimum hourly wage.

13. Plaintiff and each Class member seek $5,000 in statutory damages pursuant to RCW 49.62.080.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## II. JURISDICTION AND VENUE

14. Based on Defendant's representations in its Notice of Removal, ECF No. 1, jurisdiction is proper in this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

15. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the action was removed by Defendant to the United States District Court for the Western District of Washington, which embraces King County, the place where the action was pending.

## III. PARTIES

16. Plaintiff Viridiana Navarro resides in Snohomish County, Washington and is employed by Defendant in Washington.

17. Defendant Target Corporation is a foreign profit corporation that regularly transacts business in King County, Washington and has stores for the transaction of business throughout King County, Washington, including at 4053 Factoria Square Mall Southeast, Bellevue, Washington 98006; 4535 University Way Northeast, Seattle, Washington 98105, Seattle, Washington 98105; and 302 Northeast Northgate Way, Seattle, Washington 98125.

18. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

## IV. STATEMENT OF FACTS

### Target's Business Operations

19. Target is a publicly traded American retailer with over 400,000 employees working at over 1,989 stores, 66 supply chain facilities, and 29 offices across the country. *See About*, TARGET, https://corporate.target.com/about (last visited Sept. 23, 2025).



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

20. According to the Director HR Policy & Compliance for Target, Michael Brewer, "since August 21, 2022, Target has employed more than 1,000 individuals who worked in the State of Washington who earned less than $28.98/hr. in 2022, less than $31.48/hr. in 2023, less than $32.56/hr. in 2024, or less than $33.32/hr. in 2025." Decl. of Michael Brewer ISO Def.'s Notice of Removal ¶ 3, ECF No. 5.

21. Target requires that all employees, irrespective of pay, location, or job title, abide by all of the covenants set forth in its "Code of Ethics."

22. Target provides its "Code of Ethics" to all employees at the outset of their employment and periodically during employment as updated versions are published.

23. A true and correct copy of Target's "Code of Ethics" is attached as Exhibit A, which states in pertinent part:

> Q: A business partner that works with Target asked if I would be willing to do a little work for them 'on the side.' Is this OK?
>
> A: It depends. If the work is unrelated to Target's business, it may be OK. If the work competes with our business, or interferes with your ability to do your job or could influence your judgment, you should not accept it.

24. Target also requires that all employees, irrespective of pay, location, or job title, abide by all of the covenants set forth in its "Team Member Handbook."

25. Target provides its "Team Member Handbook" to all employees at the outset of their employment and periodically during employment as updated versions are published.

26. A true and correct copy of Target's Team Member Handbook is attached as Exhibit B, which states in pertinent part:

> Refer to the Conflicts of Interest Policy to understand requirements to avoid any actual or perceived conflicts. The policy provides guidance regarding
> . . .
> • Participating in an advisory role, board of directors role, civil involvement, expert networks, and external speaking engagements
> • Accepting external employment, providing external services, promoting or endorsing products or services, or having a financial interest or substantial investment in a vendor, prospective vendor,



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

or competitor
• Engaging in business dealings with family members, close personal relationships and former team members

27. The Conflicts of Interest Policy is only accessible while at a Target location and signed into Target's internal network from a Target computer.

28. Upon information and belief, the Conflicts of Interest Policy mirrors the "avoid conflicts of interest" section of Target's Code of Ethics, in that it prohibits employees from working for competitors of Target, irrespective of the employees' pay, position, or location.

29. The outside employment covenants in the Code of Ethics, Team Member Handbook, and Conflicts of Interest Policy (collectively, "Outside Employment Covenants") impermissibly restrict, restrain, and prohibit Plaintiff and Class members from engaging in lawful professions, trades, or businesses, including working for competitors.

30. Upon information and belief, Target requires that all employees undergo training on the Outside Employment Covenants, which takes place when employees are first hired and periodically throughout the duration of their employment.

31. Upon information and belief, Target maintains additional written covenants, oral covenants, agreements, and/or contracts governing its employees' ability to engage in lawful professions, trades, or businesses, including working for competitors, as well as their ability to accept or transact business with customers.

32. Defendant's Outside Employment Covenants and other outside employment policies and practices are unlawful in that they restrict, restrain, and prohibit all employees from having additional jobs, supplementing their income by working for other employers, working as independent contractors, or being self-employed.

33. Defendant's Outside Employment Covenants and other outside employment policies and practices reflect a standard business practice designed to prevent Plaintiff and Class members, i.e., low wage workers, from having second jobs.

**Plaintiff Viridiana Navarro**

34. Plaintiff is a current employee of Target.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

35. She has worked for Target in Washington state since 2016 at its store located at 9601 Market Place, Lake Stevens, Washington 98258.

36. At all times relevant, Plaintiff earned less than twice the applicable state minimum hourly wage.

37. Specifically, Plaintiff earned less than $28.98 per hour in 2022, less than $31.48 per hour in 2023, less than $32.56 per hour in 2024, and currently earns less than $33.32 in 2025.

38. Upon hire, Plaintiff was provided Target's Code of Ethics, Team Member Handbook, and Conflicts of Interest Policy.

39. Plaintiff was informed by Target management that she was required to abide by the covenants within these documents as a condition of employment.

40. Plaintiff has been prohibited from seeking supplemental employment with any of Target's competitors as a result of being bound to Target's Outside Employment Covenants.

41. Target restricted, restrained, and prohibited Plaintiff from having an additional job, supplementing her income by working for another employer, working as an independent contractor, or being self-employed.

42. But for Target binding Plaintiff to its Outside Employment Covenants, Plaintiff would have explored opportunities to supplement her income by moonlighting at other retail stores.

43. Plaintiff suffered economic and non-economic harm and damages, including but not limited to lost income opportunities, reduced bargaining power and workforce mobility, unemployment risk, and diminished career mobility as a result of being restricted, restrained, and prohibited from working for Target's competitors.

44. Plaintiff also suffered economic harm and damages in the form of underpaid wages as Plaintiff should have earned more than $28.98 per hour in 2022, more than $31.48 per hour in 2023, more than $32.56 per hour in 2024, and more than $33.32 in 2025.

45. As a result of Target's violations of RCW 49.62.070, Plaintiff seeks statutory damages of $5,000, plus her reasonable attorneys' fees and costs.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

**Class Members**

46. Class members are current and former Washington employees of Target.

47. During the Class Period, Plaintiff and Class Members earned less than twice the applicable state minimum hourly wage as set forth below:

| Year | Washington Min. Wage | RCW 49.62.070(1) Threshold |
|---|---|---|
| 2022 | $14.49 per hour | $28.98 per hour |
| 2023 | $15.74 per hour | $31.48 per hour |
| 2024 | $16.28 per hour | $32.56 per hour |
| 2025 | $16.66 per hour | $33.32 per hour |

*History of Washington State's Minimum Wage*, WASH. STATE DEP'T OF LAB. & INDUS., https://lni.wa.gov/workers-rights/wages/minimum-wage/history-of-washington-states-minimum-wage (last visited Sept. 25, 2025); RCW 49.62.070(1).

48. Despite earning less than twice the applicable state minimum hourly wage from their employer Target, Plaintiff and Class members were subject to, and were required to abide by, Target's Outside Employment Covenants.

49. Upon information and belief, Plaintiff and Class members were subject to additional written covenants, oral covenants, agreements, and/or contracts prohibiting, restricting, and restraining them from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed despite earning less than twice the applicable state minimum hourly wage from Target.

50. Target restricted, restrained, and prohibited Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

51. By restricting, restraining, and prohibiting Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed while paying them less than twice the applicable state minimum hourly wage, Target violated Plaintiff and Class members' statutory



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

rights under chapter 49.62 RCW.

52. Plaintiff and Class members suffered economic and non-economic harm and damages, including but not limited to lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility as a result of being restricted, restrained, and prohibited from having an additional job by Target.

53. Plaintiff and Class members also suffered economic harm and damages in the form of underpaid wages as they should have been paid at least twice the applicable Washington state minimum hourly wage while being restricted, restrained, and prohibited from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

54. As a result of Target's violations of RCW 49.62.070, Plaintiff and Class members seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

## V. CLASS ACTION ALLEGATIONS

55. Class Definition. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendant on behalf of the Class defined as follows:

> All current and former employees of Target Corporation who worked in Washington and earned less than twice the applicable state minimum hourly wage from August 21, 2022, through the date of certification of the Class.

56. Excluded from the Class is the Defendant and its officers and directors.

57. Numerosity. There are potentially dozens of Washington employees who earned less than twice the applicable state minimum hourly wage, and were restricted, restrained, or prohibited from having an additional job. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

58. Commonality. Because Class members were subject to identical or virtually identical policies and practices as Plaintiff, this is a straightforward matter of determining whether Defendant's actions violate Washington law and, if so, assessing statutory damages.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

59. Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members all worked for Defendant in Washington, earned less than twice the applicable state minimum hourly wage at some point during their employment, and were restricted, restrained, or prohibited from having an additional job.

60. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to or that conflict with those of the Class.

61. Predominance. Defendant has engaged in a common course of conduct of restricting, restraining, or prohibiting low-wage workers from having an additional job in violation of RCW 49.62.070. The common issues arising from Defendant's unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

62. Superiority. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendant's unlawful conduct. However, absent a class action, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The members of the Class and the agreements they were subject to are readily identifiable through Defendant's records.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## VI. CAUSES OF ACTION

**<u>FIRST CAUSE OF ACTION</u>**
**VIOLATION OF RCW 49.62.070**
***Claim of Relief for Plaintiff and the Class***

63. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

64. Defendant is an "employer" as defined by RCW 49.62.010(2).

65. Plaintiff and Class members are "employees" as defined by RCW 49.62.010(2).

66. Defendant employed Plaintiff and Class members in Washington.

67. Plaintiff and Class members earned less than twice the applicable state minimum wage from Defendant.

68. Defendant restricted, restrained, or prohibited Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

69. Defendant's actions and omissions violate RCW 49.62.070.

70. As a result of Defendant's actions and omissions, Plaintiff and Class members have experienced economic and non-economic harm.

71. Plaintiff and Class members were aggrieved by Defendant's violations of RCW 49.62.070.

72. Plaintiff and Class members each seek $5,000 in statutory damages, plus their costs and reasonable attorneys' fees pursuant to RCW 49.62.080.

## VII. REQUEST FOR RELIEF

73. Plaintiff, individually and on behalf of members of the Class, requests that the Court enter judgment against Defendant as follows:

a. An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

b. Statutory damages of $5,000 to Plaintiff and each Class member pursuant to



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

RCW 49.62.080;

c. Attorneys' fees and costs pursuant to RCW 49.62.080;

d. Pre- and post-judgment interest;

e. Injunctive relief prohibiting, restraining, and enjoining Defendant from engaging in the conduct complained of herein;

f. Declaratory relief to the effect that Defendant's anti-moonlighting policies violate Washington law;

g. Leave to amend this Complaint to conform to the evidence; and

h. Any additional or further relief the Court deems equitable, appropriate, or just.

DATED September 30, 2025.

EMERY | REDDY, PLLC

By: */s/ Timothy W. Emery*

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 60816
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff*